UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| PHYLLIS AUSTIN and<br>PENELOPE BURRIS,<br><br>  Plaintiffs,<br><br> vs.<br><br>U.S.D.A., RURAL HOUSING SERVICE,<br>et al.<br><br>  Defendants. | )<br>)<br>)<br>)<br>)<br>)  Case No. 1:17-cv-66 SNLJ<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

Late in the afternoon on Friday, April 28, 2017, plaintiffs Phyllis Austin and Penelope Burris filed a Motion for Ex Parte Declaratory and Injunctive Relief (#1) against defendant Rural Housing Service, an agency of the United States Department of Agriculture, and Pam Anglin in her official capacity as USDA Rural Development Substitute Trustee (collectively, "USDA"). The USDA plans to sell plaintiff's property, located in Doniphan, Missouri, at a foreclosure sale at 1:30 p.m. on Monday, May 1, 2017. The plaintiffs' motion seeks to enjoin the sale. Plaintiffs have also moved to file their lawsuit *in forma pauperis* (#2).

This Court may authorize the commencement of a suit without prepayment of the filing fee by a person who submits an affidavit that includes a statement of all assets and that states the person is unable to pay the fee. 28 U.S.C. § 1915(a)(1). Although both plaintiffs signed the motion to proceed *in forma pauperis*, only plaintiff Austin signed the financial affidavit (#3). Regardless, the Court will grant the motion to proceed *in forma pauperis* based upon the financial information furnished in the affidavit.

1

However, this Court must also dismiss this matter because, as discussed below, it fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) ("…the court shall dismiss the case at any time if the court determines that…the action…fails to state a claim on which relief may be granted.")

Plaintiffs did not file a complaint in this matter, which is required by Federal Rule of Civil Procedure 3. The Court has thoroughly reviewed plaintiff's motion, however, and its accompanying exhibits, including the opinion from the Court of Federal Claims dated October 10, 2014. Even if plaintiffs' motion for temporary restraining order were construed as a complaint, it does not state a claim or cause of action, nor can this Court grant the relief plaintiffs seek.

Federal Rule of Civil Procedure 65 governs the *ex parte* relief requested by plaintiffs. Under that rule, the Court may issue a temporary restraining order "only if…specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Here, plaintiffs have submitted neither an affidavit nor a complaint of any kind. Moreover, the plaintiffs' motion is focused on their health problems and the failings of the contractor who worked on the initial construction of plaintiffs' home for several months in 2011. The home remains unfinished. The USDA provided plaintiffs with the construction loan, and plaintiffs appear to blame the USDA for many of the construction issues. Plaintiffs have been involved in separate lawsuits against the contractor and the USDA for the last several years. In earlier litigation against the USDA, they alleged that their rights were violated and a contract breached with respect to their loan, and they indicate they are not making payments on the loan. That is, apparently, why the USDA notified them on March 22, 2017 that the property would be

sold in a foreclosure sale on May 1, 2017.  Although plaintiffs seek relief from that sale, plaintiffs do not allege facts against the USDA to justify enjoining the sale of the property which has now been the subject of litigation since 2012.   Even if the Court could glean some claim for relief from plaintiffs' motion, the Court would be unable to stop the sale under Rule 65 due to the failure of plaintiffs to provide an affidavit or verified complaint.

The Court is sympathetic to the plaintiffs' series of unfortunate events that is ultimately resulting in the sale of their property.  However, the Court is constrained by the federal statutes and the Federal Rules of Civil Procedure, and it must dismiss plaintiffs' lawsuit.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' Motion for Ex Parte Declaratory and Injunctive Relief (#1) is **DENIED**;

**IT IS FURTHER ORDERED** that this matter will be **DISMISSED** by separate order.

Dated this  1st  day of May, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE